UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS ISAIAH SPEARS,

            Plaintiff,

v.

PIERCE COUNTY ET AL.,

           Defendants.

Case No. 3:22-cv-05899-JLR-TLF

ORDER TO SHOW CAUSE

Plaintiff, who is unrepresented and is proceeding *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. Section 1983. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. Dkt. 4. On or before **March 31, 2023**, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

In addition, the Court denied plaintiff's motion to compel discovery, because it is premature.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984). Under Fed. R. Civ. P. 8, and

ORDER TO SHOW CAUSE - 1

12(b)(6), the complaint must contain facts that, accepted as true, "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**A. Plaintiff's Complaint**

Plaintiff is an inmate at Coyote Ridge Corrections Center. Dkt. 4 at 3. He names 11 defendants in his complaint: Pierce County Sheriff's Department (unnamed detectives), Washington State Department of Enterprise Services (DES), Washington State Department of Corrections (DOC), Department of Children, Youth and Family Services (DCYF), Smith Brothers Farm, AGRI Star Meats and Poultry LLC, Good Source Solutions, American Meals, Alpenrose Dairy, Harold Goldes, and G. Pressel.

Plaintiff's complaint can be divided into two parts: first, plaintiff raises Fifth, Fourteenth, and Eighth Amendment claims against the unnamed Pierce County Sheriff's detectives, related to the failure to investigate sexual and physical abuse reported by plaintiff; and second, plaintiff names six defendants who are allegedly vendors for the Washington State Department of Corrections (DOC) that he alleges violated his right to be free from religious discrimination under the First Amendment by

ORDER TO SHOW CAUSE - 2

providing kosher meals that were not in accordance with the religious dietary guidelines of the Torah. Dkt. 4 at 7-17. Plaintiff seeks compensation. Dkt. 1-4 at 3.

### B. Liability of Parties

#### 1. State Agency Defendants

The Eleventh Amendment of the United States Constitution prohibits a private citizen from suing a state government in federal court without the state's consent. *See, Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). This Eleventh Amendment immunity extends to state agencies. *See, Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Natural Resources Defense Council*, 96 F.3d at 421.

The complaint names DCYF, DES, and DOC. Dkt. 4 at 5. These are state agencies, immune from plaintiff's causes of action. Plaintiff has not alleged any facts or cited any authority supporting his causes of action against the Washington State Department of Children, Youth and Families, the Washington Department of Enterprise Services, or the Washington Department of Corrections.

Plaintiff has additionally named G.Pressel and Harold Golde, DES employees, as defendants. Dkt. 4 at 4, 5. To the extent plaintiff names the DES employees in their official capacities, such claims would be barred under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (the State and its agencies are not subject to § 1983 claims because they are not "person[s]" within the meaning of that section and are entitled to immunity under the Eleventh Amendment; official capacity suit against state employee is really a suit against the official's office, and no different than a suit against the state).

ORDER TO SHOW CAUSE - 3

**2. Private Party Defendants**

In order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused *by a person acting under color of state or federal law. See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added).

A defendant has acted under color of state law when he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (*citing United States v. Classic*, 313 U.S. 299, 326 (1941)). Private citizens are generally not liable under § 1983 because they do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). An exception can be made if the private citizen conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Mr. Spears alleges claims against several defendants who appear to be private (non-state) actors. Specifically, Mr. Spears names Smith Brothers Farms, AGRI Star Meat and Poultry L.L.C., Good Source Solutions, American Meals, and Alpenrose Dairy, all of whom he lists as a "WA DOC Vender." Dkt 4 at 15. Plaintiff alleges that defendants are vendors of the Washington State Department of Corrections and provided meals that were not in accordance with the religious dietary guidelines of the Torah. *Id*. at 15. Plaintiff also alleges that products were falsely labeled as kosher. *Id*. Plaintiff has not plausibly alleged any facts that any individuals employed by these private entities were acting in concert with state agency personnel to such an extent that

ORDER TO SHOW CAUSE - 4

they were acting under color of state law. Therefore, the complaint fails to state a claim for relief with respect to the private entity defendants.

Liberally construing the complaint, plaintiff does not allege specific facts that, if true, would demonstrate a violation of any federal constitutional or statutory right.

### C. Rule 8

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege a plausible set of facts that would show he is entitled to any relief.  Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Here, plaintiff has not provided sufficient facts to support a claim for relief and has not explained the cognizable legal theory behind his allegations. Plaintiff states that during a time period ranging 2007-2022, the Pierce County unnamed detective defendants failed to investigate years of sexual and physical abuse against plaintiff. Dkt. 4 at 7-8, 10-11, 11-12. Plaintiff's complaint asserts that his rights have been violated, without explaining who allegedly did or failed to do something that is related to those violations, or whether any acts or omissions occurred that are attributable to any person acting under color of state law, or any facts that would plausibly show causation – i.e., a series of facts that would show how any acts or omissions, policies, customs, or

practices, allegedly caused a deprivation of his rights. These vague and conclusory allegations of wrongdoing without factual support are insufficient to state a claim.

Plaintiff's complaint additionally appears to potentially challenge the constitutionality of his current confinement. A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

It is unclear whether plaintiff challenges the constitutionality of his current confinement, however, the harm plaintiff alleges to have suffered includes "loss of exculpatory evidence" and he claims that Pierce County Sheriff's Department failed to preserve Brady material. Dkt. 4 at 8, 11.  He also states that Pierce County Sheriff's Department failed to conduct an investigation related to "sexual assault allegations claimed unlawfully by Timothy Spears." Dkt 4 at 10. A "§ 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Thus, to the extent plaintiff's claims amount to an attack on the constitutional validity of his underlying conviction for which he is serving a state sentence, his claims may not be maintained pursuant to §1983 unless he can show the conviction has been

ORDER TO SHOW CAUSE - 6

invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003).

### D. Rule 20

Plaintiff appears to include several unrelated claims in his complaint. Plaintiff's first three counts appear to relate to the failure to investigate claims made by plaintiff and his family members to the Pierce County Police Department between 2007-2022 but plaintiff's last count relates to meals he has been provided during his incarceration, between January 1, 2022-November 12, 2022. *See* Dkt. 4. The Court reminds plaintiff that unrelated claims against different defendants must be pursued in separate actions. Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir. 1980). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Plaintiff may show cause why the complaint should not be dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **March 31, 2023.**

Plaintiff has also filed a motion to compel defendants to respond to the allegations in the proposed complaint. Dkt. 5. This motion is premature as the Court has not yet directed service of a complaint in this action. Therefore, the plaintiff's motion to compel is: **Denied without prejudice, as premature**.

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* information sheet.

Dated this 10th day of March, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 9